## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**AARON CRIFT**                                                                                           **PETITIONER**

**VS.**                                  **No.  4:23-cv-00132 JM/PSH**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**                                           **RESPONDENT**

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Aaron Crift ("Crift"), an inmate in the custody of the Arkansas Division of Correction ("ADC"), filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254.[1]  Respondent Dexter Payne ("Payne") moves to dismiss this application as successive (Doc. No. 14).

---

[1] Crift is attacking his 2017 Jefferson County conviction for first-degree murder.  He was sentenced to 65 years' imprisonment.  *See Crift v. State*, 2018 Ark.App. 15.

Crift, proceeding *pro se*, filed his first federal habeas corpus case in April of 2019. *See Crift v. Kelley*, No. 5:19-cv-148, raising three claims for relief. The petition was dismissed as untimely, and judgment was entered in September of 2019. Crift appealed, and the Eighth Circuit Court of Appeals dismissed the appeal for want of jurisdiction in April of 2021.

Crift filed a second petition in October of 2022, alleging ineffective assistance of counsel, perjury by a trial witness, and other trial errors as grounds for relief. That petition was dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing. Crift was cited to 28 U.S.C. § 2244(b)(3)(A), which provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." (Emphasis added). The statutory language is clear that permission must be received from the appropriate court of appeals before an applicant may file a successive petition with the district court. *Burton v. Stewart*, 549 U.S. 147 (2007). "The long and short of it is that Burton neither sought nor received authorization from the Court of Appeals before filing his" successive petition, and the District Court was therefore without jurisdiction to entertain it. *Id.* at 157.

Crift now has now filed a third petition for writ of habeas corpus attacking his 2017 murder conviction in Jefferson County, Arkansas. He cites numerous instances of ineffective assistance of counsel and perjury of a witness as claims for relief. He has also filed a response to Payne's motion to dismiss, stressing his attorney's

performance and claiming his actual innocence.

Crift's habeas corpus petition should be dismissed because he has not obtained the requisite permission from the Eighth Circuit Court of Appeals. The Court therefore recommend that Payne's motion to dismiss be granted and the petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing authorization for filing.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right, and therefore recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 5th day of July, 2023.

_____
UNITED STATES MAGISTRATE JUDGE